# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )       2:04-CR-0246-RLH-GWF |
| | ) |
| vs. | )       **O R D E R** |
| | )     (Motion in Limine–#137) |
| WENDOLEN LEONARD HOWARD, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Before the Court is the Government's **Motion in Limine to Admit Preliminary Hearing Transcripts to Establish Violations of Supervised Release Conditions** (#137, filed March 12, 2013).  The Defendant filed his Response (#141) on April 2, 2013.

## BACKGROUND

The Petition before this Court, charging Defendant with violations of the conditions of his supervised release by committing another federal, state, or local crime, was initially filed May 8, 2012, alleging that on May 4, 2012, the Defendant was arrested by the Las Vegas Metropolitan Police Department ("Metro") for Battery with Substantial Bodily Harm and Battery of a Victim over 65 Years of Age.  A preliminary hearing was held in that case, in state court, and Defendant Howard was bound over to answer to the felony charge of Battery with Substantial Bodily Harm.

On October 18, 2012, an Addendum to the Petition was filed alleging that Defendant again violated this same condition of his supervised release, that on October 3, 2012, the Defendant was arrested by Metro on October 3, 2012, and charged with Attempted Murder, Battery with

1

1   Substantial bodily Harm, Burglary with Use of a Deadly Weapon, Battery with Intent to Commit

2   Robbery and Battery by Strangulation.  On November 27, 2012, a preliminary hearing was held in

3   state court and Defendant was bound over on those charges.

4          At both preliminary hearings, Defendant Howard was represented by counsel, whose

5   cross-examination of witnesses was approximately the same length as the direct examination by the

6   Deputy District Attorney.

7                                    DISCUSSION

8          The Federal Rules of Evidence do not apply to a supervised release revocation hearing.

9   *FRE 1101(d)(3); see also, United States v. Walker*, 117 F.3d 417, 421 (9th Cir. 19997).

10  However, Defendant, citing *Morrissey v. Brewer*, 408 U.S. 471 (1972), argues that admitting the

11  preliminary hearing transcripts would deny him of his right of confrontation and cross-examination.

12         Aside from the citation of cases holding that parole, probation and supervised release

13  violation hearings are all treated the same, which is not contested, Defendant cites two other cases this

14  Court finds to not be on point.  In *Gagnon v. Scarpelli*, 411 U.S. 788 (1973), the court found a

15  violation without a hearing and without counsel.  In *United States v. Comito*, 177 F.3d 1166 (9th Cir.

16  1999) the court admitted a statement of a witness who refused to appear and who had recanted her

17  statement (Comito's girlfriend).

18         *Morrissey* requires, for a statement to be admitted, that a defendant be given (1)

19  notice of the violations; (2) disclosure of the evidence against him; (3) the opportunity to be heard and

20  present evidence; (4) the right to confront and cross-examine witnesses; and the matter to be heard by

21  a neutral body.  Any statement must be based upon "verified facts."

22         Whether the transcripts constituted verified facts, and whether they deny Defendants

23  right of confrontation and cross-examination of witnesses are the issues presented here.

24         Statements made under oath would constitute verified facts.  At the preliminary

25  hearings in both instances, the witnesses were placed under oath, the Defendant was present, and his

26  attorney cross-examined the witnesses at length.  Accordingly, this Court finds that the testimony of

the witnesses at the preliminary hearings constitutes the presentation of "verified facts," and that Defendant was given the opportunity and took the opportunity to confront the witnesses and to cross-examine them on their testimony about the crimes alleged against the Defendant.

Defendant Howard also challenges the Government's justification for not calling the witnesses to testify again. However, the Government explains its reluctance by noting that having testified at the preliminary hearing, in the presence of the Defendant, and having to face the prospect of having to testify again at the trial, in the presence of the Defendant, who is charged with brutally assaulting them, and to relive those facts yet a third time, is unwise and unnecessary. The Court finds the Government's reluctance to be substantial, sufficient, and for good cause. It is unnecessary to compel those witnesses to face intimidation or relive fear in order for Defendant to have yet another opportunity of confrontation with his victims.

IT IS THEREFORE ORDERED that the Government's **Motion in Limine to Admit Preliminary Hearing Transcripts to Establish Violations of Supervised Release Conditions** (#137) is GRANTED.

Dated: April 9, 2013.

_____
**Roger L. Hunt**
**United States District Judge**